UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TAMIKA J. *o/b/o* PORTLAND G. (Deceased),

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

**DECISION AND ORDER**

1:25-CV-00122 CDH

## INTRODUCTION

Plaintiff Tamika J. ("Plaintiff") seeks review of the final decision of the Commissioner of Social Security ("the Commissioner" or "Defendant") denying her deceased sister Portland G.'s ("Claimant") applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"), pursuant to Titles II and XVI of the Social Security Act (the "Act") (Dkt. 1). Under Rules 5 through 8 of the Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g) and Local Rule of Civil Procedure 5.5(d), the matter has been presented for decision by the parties' filing of motions for judgment on the pleadings. (*See* Dkt. 7; Dkt. 11).[1]

In his motion, the Commissioner "requests remand of the Commissioner's final decision," conceding that "remand for further administrative proceedings is necessary

[1] The Commissioner also filed an unopposed motion for an extension of time to file his motion for judgment on the pleadings. (Dkt. 10). That motion is hereby granted *nunc pro tunc*.

because the Administrative Law Judge (ALJ) failed to comply with the district court's prior remand order." (Dkt. 11-1 at 1). The Court grants the Commissioner's motion, and also grants Plaintiff's motion to the extent that it seeks remand for further administrative proceedings. To the extent Plaintiff seeks remand solely for calculation and payment of benefits, the Court denies that portion of her motion.

**BACKGROUND**

On July 20, 2017, Claimant protectively filed applications for DIB and SSI. (Dkt. 3 at 30).[2] Her applications were initially denied on November 22, 2017. (*Id*. at 30, 129-44). Claimant requested a hearing before an administrative law judge ("ALJ") (*id*. at 145-46), which was held on July 29, 2019 (*id*. at 50-92). On September 13, 2019, the ALJ issued an unfavorable decision. (*Id*. at 27-49). Claimant sought review from the Appeals Council, which denied her request on June 11, 2020. (*Id*. at 7-12).

Claimant brought an action in this District. (*See id*. at 902-38). Claimant died during the pendency of that action, and Plaintiff sought and was granted party substitution. (*Id*. at 940). On January 30, 2023, the Hon. Elizabeth A. Wolford entered a Decision and Order remanding the matter for further administrative proceedings. (*Id*. at 940-59).

On remand, the ALJ conducted additional hearings on July 9, 2024, and October 7, 2024. (*Id*. at 860-901). The ALJ issued an unfavorable decision on October 16, 2024. (*Id*. at 834-59). This action followed. (Dkt. 1).

---

[2] In referencing the administrative transcript, the Court has referred to the page numbers generated by CM/ECF and found in the upper right corner of the documents.

## LEGAL STANDARD

### I. Administrative Determination of Disability

The Social Security Administration's ("SSA") regulations establish a five-step, sequential evaluation that an ALJ follows in determining whether a claimant is disabled within the meaning of the Act. *See Sczepanski v. Saul*, 946 F.3d 152, 156 (2d Cir. 2020); 20 C.F.R. §§ 404.1520(a), 416.920(a). At step one, the ALJ determines whether the claimant is currently engaged in substantial gainful work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not, the ALJ continues to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment is "severe" within the meaning of the Act if it significantly limits the claimant's physical or mental ability to do basic work activities. *Id.* §§ 404.1520(c), 416.920(c).

If the claimant has at least one severe impairment, the ALJ proceeds to step three. There, the ALJ determines whether the claimant's impairment or impairments meet or medically equal the criteria of the impairments listed in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant does not have an impairment that both meets or medically equals a Listing and satisfies the Act's durational requirement, *see id.* §§ 404.1509, 416.909, the ALJ must determine the claimant's residual functional capacity ("RFC"), *id.* §§ 404.1520(e), 416.920(e). "The Social Security regulations define residual functional capacity as the most the claimant can still do in a work

setting despite the limitations imposed by his impairments." *Selian v. Astrue*, 708 F.3d 409, 418 (2d Cir. 2013); *see* 20 C.F.R. §§ 404.1545, 416.945.

At step four, the ALJ determines whether, in light of the RFC assessment, the claimant is capable of performing any past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is unable to perform any past relevant work, the ALJ proceeds to the fifth and last step. At this step, the burden shifts to the Commissioner to demonstrate that, taking into account the claimant's age, education, work experience, and RFC, the claimant is capable of performing substantial gainful work that exists in the national economy. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## II. Review by the Court

The Court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying an application for DIB or SSI. It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted). Instead, in performing its review, the Court is "limited to determining whether the [Commissioner's] conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Selian*, 708 F.3d at 417 (quotation omitted). If the Commissioner's findings of fact are supported by substantial evidence, they are "conclusive." 42 U.S.C. § 405(g). In other words, "[i]f there is substantial evidence to support the determination, it must be upheld." *Selian*, 708 F.3d at 417.

"Substantial evidence means more than a mere scintilla. It means such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003).

**DISCUSSION**

Plaintiff argues that the Commissioner's decision denying her applications for DIB and SSI should be "reversed or, in the alternative, remanded for further administrative proceedings." (Dkt. 7-1 at 1). More specifically, Plaintiff argues that the ALJ: (1) failed to follow Judge Wolford's directions on remand; and (2) made a mental RFC finding that was not supported by substantial evidence. (*Id.*). In his motion, the Commissioner concedes that the ALJ failed to comply with Judge Wolford's remand order, noting that the ALJ's "decision continued to rely on reasoning that the . . . court found to be improper." (Dkt. 11-1 at 6). The Commissioner argues, however, that the matter should not simply be reversed (that is, remanded for calculation and payment of benefits), but should be remanded for further administrative proceedings. (*Id.* at 7).

The Court agrees with the parties that the ALJ's decision on remand fails to comport with Judge Wolford's January 30, 2023 remand order. In the remand order, Judge Wolford noted that the ALJ had failed to appropriately consider the medical evidence of record regarding Claimant's ability to use her left hand. (Dkt. 3 at 955-58). She expressly ordered the ALJ on remand to "properly consider . . . the evidence

related to [Claimant's] left hand, to determine her RFC." (*Id.* at 958). Nonetheless, and as the Commissioner concedes, the ALJ on remand provided an analysis of Claimant's ability to use her left hand that was "less detailed than the prior decision" and that "does not address the . . . court's requirement to reconcile frequent reaching with the worsening [carpal tunnel syndrome] symptoms following surgery." (Dkt. 11-1 at 7).

As the Supreme Court has explained:

> Where a court finds that the [Commissioner] has committed a legal or factual error in evaluating a particular claim, the district court's remand order will often include detailed instructions concerning the scope of the remand, the evidence to be adduced, and the legal or factual issues to be addressed. . . . Deviation from the court's remand order in the subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review.

*Sullivan v. Hudson*, 490 U.S. 877, 885 (1989), *abrogated on other grounds in Shalala v. Schaefer*, 509 U.S. 292, 300 n.4 (1993); *see also Annemarie B. v. Comm'r of Soc. Sec.*, No. 1:25-CV-00218 (MJK), 2026 WL 697046, at *4 (N.D.N.Y. Mar. 12, 2026) ("An ALJ's failure to follow a court's remand order is reversible error."). The ALJ's conceded failure to adhere to Judge Wolford's remand order was a legal error and necessitates further remand of this matter.

However, the Court agrees with the Commissioner that remand solely for calculation and payment of benefits is not warranted. "The standard for directing a remand for calculation of benefits is met where the record persuasively demonstrates the claimant's disability, and there is no reason to conclude that . . . additional evidence might support the Commissioner's claim that the claimant is not disabled."

*Destefano v. Berryhill*, No. 6:17-cv-06651(MAT), 2018 WL 5489574, at *5 (W.D.N.Y. Oct. 29, 2018) (internal citations omitted). However, "[w]here there are gaps in the administrative record or the ALJ has applied an improper legal standard, a remand for further development of the evidence is appropriate." *Torres v. Colvin*, No. 3:16-CV-00809(JAM), 2017 WL 1734020, at *3 (D. Conn. May 3, 2017). In this case, the ALJ failed to appropriately consider the medical evidence of record. However, Plaintiff has not demonstrated that a proper evaluation of the evidence would necessarily lead to a finding of disability. Accordingly, remand for further administrative proceedings is appropriate.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Dkt. 7) is granted to the extent that the matter is remanded for further administrative proceedings, and the Commissioner's motion for judgment on the pleadings seeking remand for further administrative proceedings (Dkt. 11) is granted. The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

Colleen D. Holland

COLLEEN D. HOLLAND
United States Magistrate Judge

Dated: Rochester, New York
September 21, 2026